1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   UNITED STATES OF AMERICA,

10                    Plaintiff,

                                            Case No. CR13-49RSL
11          v.

12   APOLINAR CRUZ-CRUZ.,                    ORDER DENYING MOTION TO
                                             SUPPRESS WIRETAP
13                    Defendant.             INTERCEPTIONS

14

15

16                          **I. INTRODUCTION**

17          This matter comes before the Court on "Defendant Cruz's Motion to Suppress Wiretap

18   Interceptions." Dkt. # 198. Having reviewed the memoranda, declarations, and exhibits

19   submitted by the parties, and having considered the evidence and arguments presented during the

20   September 23, 2014 hearing on this motion, the Court finds as follows:

21                          **II.  BACKGROUND**

22          The Drug Enforcement Agency obtained substantial evidence against defendant in two

23   separate investigations prior to November 2012. Dkt. # 198 (Def.'s Mot.) at 3, 5-7; Dkt. ## 200-

24   1, 200-4, 201-1, 201-2. On November 9, 2012, after identifying defendant as a co-conspirator in

25   the Salazar drug trafficking organization ("Salazar DTO"), the government applied for a wiretap

26   for defendant's phone ("TT8"). Dkt. ## 218-4, 218-5, 218-6, 218-7, 218-8. In the government's

27   wiretap application and the accompanying affidavit, the government did not include its evidence

28   ORDER DENYING MOTION TO
     SUPPRESS WIRETAP INTERCEPTIONS - 1

against defendant from the prior investigations, even though this evidence arguably would have sufficed for an indictment. Dkt. # 198 at 7-11. The wiretap was authorized by the Honorable Richard A. Jones and produced incriminating evidence against defendant.

Defendant moves to suppress all evidence discovered as a result of this wiretap, on the grounds that the older evidence against him rendered the wiretap unnecessary and that omitting this evidence violated the federal wiretapping statute. Dkt. # 198 at 12-15; Oral Argument. Defendant alternatively requests a hearing under Franks v. Delaware, 438 U.S. 154 (1978) ("Franks hearing"), on the grounds that the government's failure to include the older evidence in its November 9, 2012 wiretap application constituted a reckless or intentional material omission. Dkt. # 198 at 15-18. For the following reasons, these arguments fail.

## III. DISCUSSION

**A.  The Government's Wiretap Application Provided a Full and Complete Statement Establishing the Necessity of the Wiretap.**

Pursuant to the Omnibus Safe Streets and Crime Control Act of 1968 (18 U.S.C. §§ 2510-2522), an application for a court-authorized wiretap must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). The judge reviewing the application must determine whether the government has properly shown that "normal investigative procedures" have failed or should not be attempted. See id. § 2518(3)(c). In essence, the government must overcome a statutory presumption against granting a wiretap application by showing that the wiretap is necessary to further an investigation, United States v. Gonzalez, Inc., 412 F.3d 1102, 1112 (9th Cir. 2005); if law enforcement has not attempted to use traditional methods in a case before resorting to a wiretap, then the court must reject the government's application, United States v. Carneiro, 861 F.2d 1171, 1176 (9th Cir. 1988). This "necessity" requirement exists in order to limit the use of wiretaps, as they are highly intrusive. United States v. Commito, 918 F.2d 95, 98 (9th Cir.

ORDER DENYING MOTION TO
SUPPRESS WIRETAP INTERCEPTIONS - 2

1990).  When reviewing whether a wiretap authorization order was properly issued, a court

reviews *de novo* whether the application represented a "full and complete statement," and

reviews the issuing judge's finding of necessity for abuse of discretion.  <u>United States v.</u>

<u>Shryock</u>, 342 F.3d 948, 975 (9th Cir. 2003); <u>United States v. Yim</u>, 2012 WL 395791, at *5

(W.D. Wash. Feb. 7, 2012), <u>aff'd sub nom.</u>, <u>United States v. Drew Yim</u>, 534 F. App'x 623 (9th

Cir. 2013).

      Defendant argues that the government's wiretap application did not make a "full and

complete statement" with regards to TT8 because the government omitted evidence proving that

it was unnecessary to wiretap this phone in order to build a case against him; on the same basis,

defendant also claims that the wiretap application failed to show necessity.  Dkt. # 198 at 16;

Oral Argument.  However, what fatally undermines both arguments is defendant's

misunderstanding of what constitutes a showing of necessity when the government is

investigating a criminal conspiracy.

      When a suspect is a member of a criminal conspiracy, and traditional methods of

investigation will only succeed as to uncovering the crimes of this suspect and not those of his

co-conspirators, necessity may still justify wiretapping that suspect's phone in order to

investigate the conspiracy to which he belongs.  As the Ninth Circuit noted in <u>United States v.</u>

<u>McGuire</u>, 307 F.3d 1192 (9th Cir. 2002):

> [E]ven if some or many conspirators are imprisoned, others may remain at large,
> free to recruit others eager to break the law and to pursue the conspiracy's illegal
> ends.  Reflecting this concern, we have consistently upheld findings of necessity
> where traditional investigative techniques lead only to apprehension and
> prosecution of the main conspirators, but not to apprehension and prosecution of
> . . . other satellite conspirators.

<u>Id</u>. at 1197; <u>see also</u> <u>United States v. Espudo</u>, 2013 WL 655490, at *1 (S.D. Cal. Feb. 21,

2013) ("Even if [defendant] were correct and the wiretap was unnecessary to convict him

individually of extortion, it would not render the wiretap unnecessary as to the many other

named individuals and criminal activity.").  Even possessing sufficient evidence to indict

members of a conspiracy does not in itself disprove the necessity of wiretapping their phones in

ORDER DENYING MOTION TO
SUPPRESS WIRETAP INTERCEPTIONS - 3

1    order to build a more effective case against them and their co-conspirators. <u>McGuire</u>, 307 F.3d

2    at 1198; <u>Espudo</u>, 2013 WL 655490, at *1. In short, the government need not establish that a

3    wiretap is necessary to investigate the owner of a targeted phone if it has established that this

4    wiretap is necessary to uncover the scope of a conspiracy. <u>See</u> <u>United States v. Reed</u>, 575 F.3d

5    900, 911 (9th Cir. 2009) (adopting this rule as it applies to drug trafficking conspiracies) ("[T]he

6    necessity requirement is directed to the objective of the investigation as a whole, and not to any

7    particular person.").

8         This Court finds that the omitted older evidence against defendant did not affect whether

9    necessity existed to wiretap TT8, as this wiretap was directed at investigating the Salazar DTO,

10   whereas the earlier evidence against defendant related to defendant's role in entirely unrelated

11   conspiracies. Defendant has not argued, and this Court does not believe, that any of the omitted

12   evidence establishes that traditional investigative methods would have furthered the greater

13   investigation of the Salazar DTO, or that the 91-page affidavit submitted in support of the

14   government's wiretap application did not persuasively establish the difficulty of investigating

15   the Salazar DTO through traditional methods. Dkt. ## 218-4 at 35-38, 218-5, 218-6, 218-7,

16   218-8 (Truong Aff.). Therefore, because the omitted information was not material to the

17   determination of necessity, and because defendant has presented no other challenge to the

18   necessity finding of the issuing judge, this Court concludes that Judge Jones (a) reviewed a full

19   and complete statement from the government as to why a wiretap was necessary, and (b) did not

20   abuse his discretion in ruling that necessity existed to wiretap TT8 in furtherance of the

21   investigation of the Salazar DTO.

22   **B.   The Government's Immaterial Omissions Did Not Preclude Its Wiretap Application From Representing a Full and Complete Statement.**

23        At the hearing on this motion, defendant argued that the fruits of the TT8 wiretap should

24   nevertheless be suppressed because, due to the government's omissions, the government's

25   wiretap application still failed to include the "full and complete statement" contemplated by 18

26   U.S.C. § 2518(1)(c). Specifically, defendant argued that the statute obliged the government to

27

28   ORDER DENYING MOTION TO
     SUPPRESS WIRETAP INTERCEPTIONS - 4

1    disclose the additional evidence against him so that Judge Jones could evaluate the evidence for

2    himself and rule accordingly, regardless of how this Court views its materiality.

3           However, the fact that the government's omissions were immaterial to the determination

4    of necessity (as established by Ninth Circuit precedent) remains dispositive.  The Ninth Circuit

5    has never held that immaterial omissions could preclude a wiretap application from satisfying

6    the "full and complete statement" requirement of 18 U.S.C. § 2518(1)(c); in fact, it has held the

7    opposite.  United States v. Fernandez, 388 F.3d 1199, 1236 (9th Cir. 2004), modified, 425 F.3d

8    1248 (9th Cir. 2005) (finding that a wiretap application complied with the statute where the

9    information omitted from the government's affidavits would not have affected the district court's

10   determination of necessity had it been included); see also United States v. Rodriguez, 504 F.

11   App'x 643, 644-45 (9th Cir. 2013), cert. denied, 133 S. Ct. 2403 (2013) (holding that a wiretap

12   application provided a "full and complete statement" where the government's omissions were

13   immaterial to the determination of necessity); United States v. Vasquez, 2010 WL 368792, at *2,

14   4 (C.D. Cal. Jan. 27, 2010) (rejecting defendants' argument that the government's omissions

15   violated the "full and complete statement" requirement, noting that the government's omissions

16   were immaterial to the determination of necessity).

17          Furthermore, to the extent that defendant suggests that these omissions rendered the

18   wiretap application incomplete because Judge Jones was not on notice about the other evidence

19   against defendant, it is worth noting that the application's supporting affidavit did mention that

20   defendant had been identified as a drug trafficker in the previous investigations.  Dkt. # 219 at 7.

21          Finally, defendant has not challenged the specificity or thoroughness of the government's

22   91-page affidavit, or asserted any basis for not finding it "full and complete" other than the

23   alleged omissions.  See Fernandez, 388 F.3d at 1237 (noting how "generalized statements" and

24   "boilerplate assertions" about why traditional investigative methods are insufficient in a given

25   case raise doubts about the fullness or completeness of a wiretap application).  Having reviewed

26   the application, this Court finds no other grounds for challenging its statutory compliance.

27

28   ORDER DENYING MOTION TO
     SUPPRESS WIRETAP INTERCEPTIONS - 5

**C.      Defendant is Not Entitled to a <u>Franks</u> Hearing.**

Defendant is also not entitled to a <u>Franks</u> hearing.  To obtain a <u>Franks</u> hearing based on flaws in the government's wiretap application, defendant must make a preliminary showing that the government made an intentional or reckless misstatement or omission in its application that was material to the issuing judge's finding of necessity.  <u>Shryock</u>, 342 F.3d at 975-77.  As this Court has already explained, including the omitted evidence against defendant in its wiretap application would not have affected whether Judge Jones found necessity to exist as to TT8. Therefore, a <u>Franks</u> hearing is not warranted.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's motion to suppress. Dkt. # 198.

DATED this 3rd day of October, 2014.

_MM S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
SUPPRESS WIRETAP INTERCEPTIONS - 6